**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*if known*): _____ Chapter 15

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding 12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

1. **Debtor's name**

   Country Garden Holdings Company Limited

2. **Debtor's unique identifier**

   **For non-individual debtors:**

   ☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

   ☑ Other 177345 . Describe identifier CI Registration Number

   **For individual debtors:**

   ☐ Social Security number: xxx – xx– ____ ____ ____ ____

   ☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

   ☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**

   Fong Ching Lam

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

   Hong Kong

5. **Nature of the foreign proceeding**

   *Check one:*

   ☐ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   Board resolutions appointing Fong Ching Lam as the Foreign Representative
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

   ☑ Yes

Debtor   Country Garden Holdings Company Limited
       Name

Case number (*if known*)_____

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)   all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Hong Kong

**Debtor's registered office:**

Cricket Square Hutchins Drive
Number    Street

P.O. Box 2681
P.O. Box

Grand Cayman KY1-111
City    State/Province/Region    ZIP/Postal Code

Cayman Islands
Country

**Individual debtor's habitual residence:**

Number    Street

P.O. Box

City    State/Province/Region    ZIP/Postal Code

Country

**Address of foreign representative(s):**

11 Duddell Street, Suite 1702
Number    Street

P.O. Box

Hong Kong    Central
City    State/Province/Region    ZIP/Postal Code

Hong Kong
Country

---

**10. Debtor's website (URL)**

https://www.countrygarden.com.cn/

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other.  Specify: _____

☐ Individual

---

Debtor    <u>Country Garden Holdings Company Limited</u>          Case number (*if known*)_____
          Name

**12. Why is venue proper in *this district*?**

*Check one:*

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ <u>/s/ Fong Ching Lam</u>                    <u>Fong Ching Lam</u>
   Signature of foreign representative              Printed name

Executed on  <u>10/01/2025</u>
             MM / DD / YYYY

✗ _____          _____
   Signature of foreign representative              Printed name

Executed on  _____
             MM / DD / YYYY

**14. Signature of attorney**

✗ <u>/s/ Christopher J. Hunker</u>          Date  <u>10/01/2025</u>
   Signature of Attorney for foreign representative       MM / DD / YYYY

<u>Christopher J. Hunker</u>
Printed name

<u>Linklaters LLP</u>
Firm name

<u>1290 Avenue of the Americas</u>
Number      Street

<u>New York</u>                              <u>NY</u>      <u>10104</u>
City                                        State    ZIP Code

<u>(212) 903-9267</u>                        <u>christopher.hunker@linklaters.com</u>
Contact phone                               Email address

<u>488798</u>                                <u>NY</u>
Bar number                                  State

**ATTACHMENT 1**

**ITEM 6-1: CONVENING ORDER**

HCMP  1366 / 2025

**IN THE HIGH COURT OF THE**

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

**COURT OF FIRST INSTANCE**

**MISCELLANEOUS PROCEEDINGS NO. 1366 OF 2025**

—————————————

IN THE MATTER OF COUNTRY GARDEN HOLDINGS COMPANY LIMITED 碧桂園控股有限公司

**and**

IN THE MATTER OF section 670 of the Companies Ordinance, Chapter 622 of the Laws of Hong Kong

—————————————

**BEFORE THE HONOURABLE MADAM JUSTICE LINDA CHAN IN CHAMBERS**

**ORDER**

**UPON** the application of the Solicitors for the above-named Country Garden Holdings Company Limited 碧桂園控股有限公司 (the "**Company**") by way of *Ex Parte* Originating Summons filed herein on 15 August 2025 (the "**Originating Summons**") for leave to convene Scheme Meetings (as defined below)

**AND UPON** reading the Affirmation of Mo Bin filed herein on 4 September 2025 together with the exhibit referred to therein and the Affirmation of Ho Shu Wai filed herein on 11 September 2025 together with the exhibit referred to therein

**AND UPON** hearing leading counsel for the Company, counsel for the Ad Hoc Group of Noteholders, and leading counsel for Tai Fung Bank Limited

**IT IS ORDERED** that:-

1.      The Company be at liberty to convene two (2) meetings (the "**Scheme Meetings**"), namely:

    (a)      a scheme meeting in respect of Scheme Creditors (Class 1) (as defined in the scheme of arrangement hereinafter mentioned); and

    (b)      a scheme meeting in respect of Scheme Creditors (Class 2) (as defined in the scheme of arrangement hereinafter mentioned and, together with Scheme Creditors (Class 1), the "**Scheme Creditors**"),

1

for the purpose of considering and, if thought fit, approving (with or without modification) a scheme of arrangement proposed to be made between the Company and the Scheme Creditors under sections 670, 673 and 674 of the Companies Ordinance (Cap. 622) (the "**Scheme**").

2.   The Scheme Meetings shall be held at the offices of Linklaters at 11th Floor, Alexandra House, Chater Road, Hong Kong (or if such venue is not available, such other suitable venue in Hong Kong as the Chairperson (as defined below) may select) on 22 October 2025 at:

   (a)   on 6 pm (Hong Kong time) in respect of the scheme meeting for Scheme Creditors (Class 1); and

   (b)   on 8 pm (Hong Kong time) in respect of the scheme meeting for Scheme Creditors (Class 2),

subject to any adjournment as may be appropriate.

3.   The Chairperson be at liberty to adjourn any of the Scheme Meetings, in her or his sole discretion, provided that, if adjourned, the Scheme Meeting(s) will recommence as soon as reasonably practicable thereafter; and in the event that the Chairperson considers in her or his sole discretion that it is necessary or appropriate to adjourn any of the Scheme Meetings, the Company shall cause the Scheme Creditors to be notified that there is an adjournment of any of the Scheme Meetings and the time of the adjourned Scheme Meeting(s) as soon as practicable (in which case any changes in arrangements relating to the Scheme Meeting(s) shall be communicated to the Scheme Creditors by the same means set out in paragraphs 4(a), (b) and (c) below).

4.   At least 21 days before the day appointed for the Scheme Meetings, a copy of the Notice of Scheme Meetings substantially in the form of Appendices 1 and 2 (the "**Notice of Scheme Meetings**") shall be circulated to the Scheme Creditors:

   (a)   by publication of the Notice of Scheme Meetings on the transaction website: https://projects.sodali.com/countrygarden (the "**Transaction Website**") and through a public announcement published on The Stock Exchange of Hong Kong Limited;

   (b)   by Sodali & Co (the "**Information Agent**") through the Clearing Systems (as defined in the Scheme) and via email to each person whom the Company believes is or may be a Scheme Creditor, and for whom the Information Agent has a valid email address; and

   (c)   in respect of the Scheme Creditors under the Existing Syndicated Loans, Ever Credit Bilateral Loan, ICBC Loan and Existing Loans (Onshore Credit Support) (each as

2

defined in the Scheme), by the Company or its advisers to the email address or by prepaid surface mail (in respect of Hong Kong) or ordinary airmail (to other jurisdictions) to the registered or the last known address of such Scheme Creditors in accordance with the notice provisions of the underlying finance documents.

5.    When distributing the Notice of Scheme Meetings to the Scheme Creditors in accordance with paragraph 4 above, electronic copies and/or a link to the Transaction Website will be provided to enable the Scheme Creditors to view and download the following documents:

(a)    the Composite Scheme Document (which shall include, amongst other documents, the Explanatory Statement, the Scheme and the Solicitation Packet (the latter being instructions as to the registration of claims and voting procedures for the purposes of the Scheme Meeting, together with the Account Holder Letter, Lender Proxy Form and Blocked Scheme Creditor Form)); and

(b)    the other documents referred to in the Composite Scheme Document as being available on the Transaction Website.

6.    The accidental omission to serve any Scheme Creditor with the aforementioned documents, or the non-receipt by any Scheme Creditor of such documents, shall not invalidate the proceedings at the Scheme Meetings or any resolutions passed thereat.

7.    A certified Chinese translation of the Notice of Scheme Meetings be dispensed with.

8.    An affirmation be filed by a solicitor of Linklaters who is fluent in both the English and Chinese languages confirming the accuracy of the Chinese translation of the Notice of Scheme Meetings.

9.    The Chairperson be at liberty to declare and announce the results of the Scheme Creditors' votes in respect of the Scheme, either during the Scheme Meetings or as soon as reasonably practicable after the conclusion of the Scheme Meetings.

10.    The substantive hearing of the petition at which the Court will determine whether or not to sanction the Scheme shall be heard at 10 am (Hong Kong time) on 4 December 2025 before the Honourable Madam Justice Linda Chan with 3 hours reserved.

11.    There be liberty to apply generally.

**AND THE COURT HEREBY APPROVED** the Notices of Scheme Meetings in English and Chinese substantially in the forms of Appendices 1 and 2 hereto.

**AND THE COURT HEREBY APPOINTED** Mr Mat Ng or failing him, Mr Nigel Trayers (both of Grant Thornton Recovery & Reorganisation Limited), and/or such other person of Grant Thornton

Recovery & Reorganisation Limited (as appropriate) to act as the chairperson of the Scheme Meetings (the "**Chairperson**").

**AND THE COURT ORDERED** that the Chairperson do report the results of the Scheme Meetings to the Court.

Dated the 12th day of September 2025.

Registrar

**APPENDIX 1**

**Notice of Scheme Meetings (English version)**

**NOTICE OF SCHEME MEETINGS**

**HCMP 1366 / 2025**

**IN THE HIGH COURT OF THE**

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

**COURT OF FIRST INSTANCE**

**MISCELLANEOUS PROCEEDINGS NO. 1366 OF 2025**

---

**IN THE MATTER OF COUNTRY GARDEN HOLDINGS COMPANY LIMITED (碧桂園控股有限公司)**

**and**

**IN THE MATTER OF section 670 of the Companies Ordinance, Chapter 622 of the Laws of Hong Kong**

**COUNTRY GARDEN HOLDINGS COMPANY LIMITED (碧桂園控股有限公司)**

Unless otherwise defined herein, terms used in this Notice have the same meanings as defined in the explanatory statement (the "**Explanatory Statement**") relating to the proposed scheme of arrangement between Country Garden Holdings Limited (碧桂園控股有限公司) (the "**Company**") and the Scheme Creditors (as defined therein) under sections 670, 673 and 674 of the Hong Kong Companies Ordinance (the "**Scheme**"). For the avoidance of doubt, references to "**Scheme Creditors**" in this Notice shall exclude any Sanctioned Scheme Creditors, who are not entitled to vote in the Scheme Meetings and who are required to notify the Company of their status instead.

Copies of the Scheme, the Explanatory Statement and the Solicitation Packet are available for download from the Transaction Website (https://projects.sodali.com/countrygarden) subject to eligibility and registration.

**NOTICE IS HEREBY GIVEN** that by an order made on [●] (the "**Scheme Convening Order**"), the High Court of the Hong Kong Special Administrative Region (the "**Court**") has directed that:

(i)     a meeting of Scheme Creditors (Class 1) (the "**Scheme Meeting (Class 1)**") be convened for the purpose of considering and, if thought fit, approving the Scheme (with or without modification, addition or condition approved or imposed by the Court); and

(ii)    a meeting of Scheme Creditors (Class 2) (the "**Scheme Meeting (Class 2)**" and together with Scheme Meeting (Class 1), the "**Scheme Meetings**" and each a "**Scheme Meeting**") be convened for the purpose of considering and, if thought fit, approving Scheme (with or without modification, addition or condition approved or imposed by the Court).

**Details of Scheme Meetings**

The **Scheme Meeting (Class 1)** will be convened at **6:00 p.m. Hong Kong time on 22 October 2025**.

The **Scheme Meeting (Class 2)** will be convened at **8:00 p.m. Hong Kong time on 22 October 2025**.

Registration at the Scheme Meetings will commence at **5:00 p.m. Hong Kong time on 22 October 2025**.

Each Scheme Meeting will be held at the offices of Linklaters at 11th Floor Alexandra House, Chater Road, Hong Kong ("**Linklaters Hong Kong Office**"). The Scheme Meetings are each subject to any adjournment as may be necessary or appropriate (in which case any changes in arrangements relating to the Scheme Meetings shall be communicated to Scheme Creditors in advance of the Scheme Meetings (i) on the Transaction Website, (ii) by way of notice through the Clearing Systems, and (iii) by email to Scheme Creditors, Account Holders, Existing Lenders and Intermediaries, for whom the Information Agent has valid contact details).

Scheme Creditors (Class 1) and Scheme Creditors (Class 2) will be able to attend their respective Scheme Meeting either in person, by a duly authorised representative (if a corporation) or by proxy provided that an Account Holder Letter (and Custody Instruction), Lender Proxy Form or Blocked Scheme Creditor Form (as applicable) has been validly submitted in relation to their relevant Existing Debts by the relevant deadlines.

Scheme Creditors do not have to personally attend the relevant Scheme Meeting in order to express their vote, provided that they validly complete and submit their Account Holder Letter (and Custody Instruction), Lender Proxy Form or Blocked Scheme Creditor Form (as applicable) by the relevant deadlines, and appoint the Chairperson as their proxy, or a proxy other than the Chairperson (who attends the relevant Scheme Meeting on their behalf) for the purposes of expressing their vote.

Telephone and video conference facilities will also be made available to Scheme Creditors upon request to (i) the Information Agent at countrygarden@investor.sodali.com (for Scheme Creditors who are not Blocked Scheme Creditors); or (ii) the Blocked Scheme Creditor Tabulation Agent at agent.asia@glas.agency (for Blocked Scheme Creditors), in each case, at least forty-eight (48) hours before the relevant Scheme Meeting. Scheme Creditors who dial in by telephone or video conference facilities will only be able to observe the relevant Scheme Meeting (but not cast any vote). Scheme Creditors will be sent instructions for dialing in via telephone or video conference upon providing the Information Agent or Blocked Scheme Creditor Tabulation Agent (as applicable) with satisfactory evidence of their identity and/or their authority (in the case of a corporation) to represent the Scheme Creditor.

For the avoidance of doubt, Scheme Creditors, their duly authorised representatives (if a corporation), or their proxies will not be able to cast their vote at the relevant Scheme Meeting should they only observe such Scheme Meeting via telephone or video conference rather than attend in person. Should Scheme Creditors wish to vote, they will need to attend the relevant Scheme Meeting in person or by proxy (including appointing the Chairperson as proxy) at the Linklaters Hong Kong Office. Scheme Creditors who have validly completed and submitted their Account Holder Letter, Lender Proxy Form or Blocked Scheme Creditor Form (as applicable) appointing the Chairperson as proxy or a proxy other than the Chairperson (who attends the relevant Scheme Meeting on their behalf) to express their vote, may in addition, request for the telephone and video conference facilities to observe such Scheme Meeting.

**Completion of voting forms**

Scheme Creditors may vote in person (or, if a corporation, appoint a duly authorised representative) or appoint the Chairperson as their proxy or appoint a proxy other than the Chairperson to attend and vote in their place. A Scheme Creditor should indicate whether it wishes to attend and vote at the relevant Scheme Meeting in person (or if a corporation, by a duly authorised representative), or to appoint a proxy to vote on its behalf at the relevant Scheme Meeting in (i) Part 2 (*Voting and Appointment of Proxy*) of the Account Holder Letter or Part 2 (*Voting and Appointment of Proxy*) of the Lender Proxy Form for Scheme Creditors who are not Blocked Scheme Creditors; or (ii) Part 2 (*Voting and Appointment of Proxy*) of the Blocked Scheme Creditor Form for Blocked Scheme Creditors (as applicable).

*Scheme Creditors (who are not Blocked Scheme Creditors)*

In order to vote on the Scheme and attend the relevant Scheme Meeting (in person, by a duly authorised representative (if a corporation) or by proxy), a Scheme Creditor must ensure that:

(i)     in respect of the Existing Noteholders only, a Custody Instruction is submitted on its behalf by the **Custody Instruction Deadline** (being **5:00 p.m. Hong Kong time on 14 October 2025**) and in any event prior to submitting an Account Holder Letter (in accordance with the instructions set out in the Account Holder Letter and Solicitation Packet); and

(ii)    the Account Holder Letter or the Lender Proxy Form (as applicable) has been validly completed and submitted on its behalf and received by the Information Agent via the Scheme Portal (https://portal.sodali.com/countrygarden) (in accordance with the instructions set out in the Account Holder Letter or the Lender Proxy Form, and Solicitation Packet) by no later than the **Voting Instruction Deadline** (being **5:00 p.m. Hong Kong time on 17 October 2025**).

*Blocked Scheme Creditors*

Blocked Scheme Creditors are Scheme Creditors that are not entitled, able or permitted (whether directly or through a custodian) to submit instructions or settle through the Clearing Systems as a result of any Applicable Sanctions affecting the Scheme Creditor or its custodian, and who do not have a sanctions license in respect of the Applicable Sanctions which would allow that Scheme Creditor to freely deal in the Scheme Consideration Entitlement and submit instructions or settle through the Clearing Systems.

In order to vote on the Scheme and attend the relevant Scheme Meeting (in person, by a duly authorised representative (if a corporation) or by proxy), a Blocked Scheme Creditor must ensure the Blocked Scheme Creditor Form (including the required supporting evidence to establish their identity, status as a Scheme Creditor and the value of their holding) has been validly completed and submitted to and received by the Blocked Scheme Creditor Tabulation Agent via email at agent.asia@glas.agency (in accordance with the instructions set out in the Blocked Scheme Creditor Form and Solicitation Packet) by no later than the **Voting Instruction Deadline** (being **5:00 p.m. Hong Kong time on 17 October 2025**).

**Registration prior to Scheme Meetings**

Registration at the Scheme Meetings will commence at **5:00 p.m. Hong Kong time on 22 October 2025**.

Each Scheme Creditor (or, if a corporation, its duly authorised representative) or its proxy intending to attend a Scheme Meeting in person at the Linklaters Hong Kong Office: (i) will be required to register its attendance at the relevant Scheme Meeting no later than half an hour prior to the scheduled start time of the relevant Scheme Meeting; and (ii) must produce a duplicate copy of the Account Holder Letter, Lender Proxy Form or Blocked Scheme Creditor Form (as applicable) validly completed and submitted by or on behalf of that Scheme Creditor or Blocked Scheme Creditor (as applicable) together with evidence of corporate authority (in the case of a corporation) (for example, a valid power of attorney and/or board resolutions) and evidence of personal identity (being a valid original passport or other original government-issued photographic identification) at the registration desk. If the appropriate personal identification and authorisation evidence is not produced, that person may not be permitted to attend, or vote at, the relevant Scheme Meeting. If a Scheme Creditor appoints the Chairperson as its proxy, there is no need for the Chairperson to take the Account Holder Letter, the Lender Proxy Form or the Blocked Scheme Creditor Form (as applicable) to the relevant Scheme Meeting.

**Chairperson of Scheme Meetings**

Pursuant to the Scheme Convening Order, the Court has appointed Mat Ng, a Managing Director of Grant Thornton Recovery & Reorganisation Limited, and/or Nigel Trayers, a Managing Director of Grant Thornton Recovery & Reorganisation Limited, or such other representative of Grant Thornton Recovery & Reorganisation Limited to act as the Chairperson of the Scheme Meetings. The results of the Scheme Meetings will be made available on the Transaction Website.

**Sanction Hearing**

The Scheme, if approved at the Scheme Meetings, will be subject to the subsequent approval and sanction of the Court. The Scheme Sanction Hearing is presently listed to be heard at **10:00 a.m. Hong Kong time on 4 December 2025**. Any Scheme Creditor is entitled (but not obliged) to attend the Scheme Sanction Hearing, through legal counsel, to support or oppose the sanction of the Scheme.

**Further information**

For further information, please contact the Information Agent (for Scheme Creditors who are not Blocked Scheme Creditors), the Blocked Scheme Creditor Tabulation Agent (for Blocked Scheme Creditors) or the Company's financial advisers or legal advisers (as applicable), in each case, using the contact details below:

<u>**Information Agent**</u>

**Sodali & Co Ltd.**

Address:

In Hong Kong: Room 1401, 90 Connaught Road Central, Sheung Wan, Hong Kong

In London: 122 Leadenhall St, EC3V 4AB, City of London, United Kingdom

Phone: Hong Kong: +852 2319 4859 / London: +44 207 382 0359

Transaction Website (document posting website):

https://projects.sodali.com/countrygarden

Scheme Portal (for submission of the Account Holder Letter or the Lender Proxy Form): https://portal.sodali.com/countrygarden

Email: countrygarden@investor.sodali.com

<u>**Blocked Scheme Creditor Tabulation Agent**</u>

**GLAS Agency (Hong Kong) Limited**

Address: Suite 1603, 16/F Central Tower, 28 Queen's Road Central Hong Kong

Email: agent.asia@glas.agency

**<u>Financial Advisers to the Company</u>**

**Houlihan Lokey (China) Limited**

Address: 1903-1907, Two International Finance Centre, 8 Finance Street, Central, Hong Kong

Phone: +852 3551 2300

Email: CountryGarden2025@HL.com

and

**China International Capital Corporation Hong Kong Securities Limited (中国国际金融香港证券有限公司)**

Address: 29th Floor, One International Finance Centre, 1 Harbour View Street, Central, Hong Kong

Phone: +852 2872 2000

Email: cogard2025@cicc.com.cn

**<u>Legal Adviser to the Company</u>**

**Linklaters**

Address:

In Hong Kong: 11th Floor, Alexandra House, Chater Road, Hong Kong SAR

In Singapore: One George Street #17-01, Singapore, 049145

Phone: Hong Kong: +852 2842 4888 / Singapore: +65 6692 5700

Email: dlcogard@linklaters.com

**COUNTRY GARDEN HOLDINGS COMPANY LIMITED (碧桂園控股有限公司)**
Dated: [●]

**APPENDIX 2**

**Notice of Scheme Meetings (Chinese version)**

计划会议通知书

**HCMP 1366 / 2025**

香港特别行政区高等法院

原讼法庭

**杂项案件编号：2025 年第 1366 号**

---

关于碧桂园控股有限公司

及

关于香港法例第 622 章《公司条例》第 670 条

**碧桂园控股有限公司**

除文中另有定义外，本通知书所用词汇与碧桂园控股有限公司（"公司"）和计划债权人（定义见**说明书**）根据香港《公司条例》第 670条、第673条和第 674 条拟订的偿债安排计划（"计划"）有关的说明书（"**说明书**"）所定义者具有相同含义。为免疑义，本通知书所提及的"**计划债权人**"不包括任何**受制裁计划债权人**，后者无权在**计划会议**上投票，并且必须将其情况通知公司。

计划、说明书和征求文件包的副本可从交易网站（https://projects.sodali.com/countrygarden）下载，前提是须符合资格条件并进行登记。

**特此通知**根据香港特别行政区高等法院（"**法院**"）于[●]年[●]月[●]日发布的命令（"**计划召开令**"），法院已指示就：

(i)     **计划债权人**（第一类）召开单一会议（"**计划会议**（第一类）"），以审议并（若合适）批准**计划**（无论是否附带**法院**批准或施加的修改、补充或条件）；及

(ii)    **计划债权人**（第二类）召开单一会议（"**计划会议**（第二类）"，与**计划会议**（第一类）合称**计划会议**，各称"**计划会议**"），以审议并（若合适）批准**计划**（无论是否附带**法院**批准或施加的修改、补充或条件）。

**计划会议的详情**

**计划会议**（第一类）将于香港时间**2025年10月22日下午6:00**时举行。

**计划会议**（第二类）将于香港时间**2025年10月22日下午8:00**时举行。

**计划会议**登记将从香港时间**2025年10月22日下午5:00**时开始。

各**计划会议**将于年利达律师事务所位于香港遮打道历山大厦11楼的办事地址（"**年利达香港办事处**"）举行。各**计划会议**都可能因情况必要或需要而延期举行（在此情况下，有关**计划会议**安排的任何变更应于**计划会议**之前提前通知**计划债权人**，包括在(i)**交易网站**上进行发布，(ii)通过**结算系统**发出通知，以及(iii)向信息代理拥有其有效联系方式的**计划债权人**、**账户持有人**、**现有贷款人**和**中介机构**发送电邮）。

计划债权人（第一类）和计划债权人（第二类）可亲自、由其正式授权代表（如其为法团）或委任代理出席相应的计划会议，前提是已在相应的截止日期前就其相关现有债务有效提交账户持有人函（及托管指示）、贷款人代理委任表或被阻却计划债权人表（视情况而定）。

计划债权人不必为行使投票权而亲自出席相关计划会议，前提是其已在相关截止日期之前有效填写并提交其账户持有人函（及托管指示）、贷款人代理委任表或被阻却计划债权人表（视情况而定），并委任主席或主席以外之代理（代表其出席相关计划会议）担任其代理以行使投票权。

计划债权人如在相关计划会议举行前至少四十八（48）个小时前 (i) 向信息代理通过电邮 countrygarden@investor.sodali.com（适用于非被阻却计划债权人的计划债权人）或 (ii) 向被阻却计划债权人计票代理通过电邮 agent.asia@glas.agency（适用于被阻却计划债权人）提出要求，亦可使用电话及视频会议设施拨入计划会议。通过电话或视频会议拨入的计划债权人仅可列席相关计划会议（但不能投票）。在向信息代理或被阻却计划债权人计票代理（视情况而定）提供其身份及/或代表计划债权人之权限（如为法团）的适当证明后，计划债权人将收到电话或视频会议的拨入说明。

为免疑义，计划债权人、其正式授权代表（如其为法团）或其委任的代理若仅通过电话或视频会议列席而非亲自出席计划会议，则不能在相关计划会议上投票。若计划债权人希望投票，则需要在年利达香港办事处亲自出席或委任代理（包括委任主席担任代理）出席相关计划会议。有效填写并提交账户持有人函、贷款人代理委任表或被阻却计划债权人表（视情况而定）以委任主席或主席以外之代理（代表其出席相关计划会议）作为代理投票的计划债权人可以额外申请通过电话和视频会议设施以列席相关计划会议。

**填写投票表**

计划债权人可亲自（或如其为法团，则委任正式授权代表）或委任主席为代理或委任主席以外的代理代表其出席计划会议并在会上投票。计划债权人应当 (i) 对非被阻却计划债权人而言，在账户持有人函或贷款人代理委任表第 2 部分（*投票及代理委任*），或 (ii) 对被阻却计划债权人而言，在被阻却计划债权人表第 2 部分（*投票及代理委任*）（视情况而定），表明是否希望亲自（或如其为法团，则由正式授权代表）出席相关计划会议并在会上投票，或委任代理代表其在相关计划会议上投票。

*计划债权人（非被阻却计划债权人）*

为就计划投票并出席相关计划会议（亲自、由其正式授权代表（如其为法团）或受委任代理），计划债权人必须确保：

(i)    仅就现有票据持有人而言，在**托管指示截止日期**（即香港时间2025年10月14日下午5:00时）前，且无论如何在提交账户持有人函前，**托管指示**已代其提交（根据账户持有人函及征求文件包所载指示）；及

(ii)   **账户持有人函**或**贷款人代理委任表**（视情况而定）已有效填妥，并代表其于不迟于**投票指示截止日期**（即香港时间2025年10月17日下午5:00时）前通过计划门户网站（https://portal.sodali.com/countrygarden）（根据账户持有人函或贷款人代理委任表，以及征求文件包所载指示）提交予信息代理并由信息代理接收。

*被阻却计划债权人*

**被阻却计划债权人**指因影响计划债权人或其托管人的任何**适用**制裁而无权、不能或不获允许（不论直接或通过托管人）通过**结算系统**提交指示或进行结算的计划债权人，且其并未就适用制裁获发容许该计划债权人自由交易计划对价权益及通过**结算系统**提交指示或进行结算的制裁许可。

为就计划投票及出席相关计划会议（亲自、由正式授权代表（如其为法团）或受委任代理），**被阻却计划债权人**必须确保已有效填妥**被阻却计划债权人表**（包括所需证明其身份、计划债权人地位及持有价值的证明文件），并于不迟于**投票指示截止日期**（即香港时间2025年10月17日下午5:00时）前通过电邮 agent.asia@glas.agency（根据被阻却计划债权人表及征求文件包所载指示）提交予被

阻却计划债权人计票代理并由其接收。

**在计划会议前登记**

计划会议的登记将从香港时间**2025年10月22日下午5:00**时开始。

有意亲自前往年利达香港办事处出席各计划会议的各计划债权人（或如其为法团，则其正式授权代表）或其受委任代理：(i) 须于计划会议预定开始时间前至少半小时登记出席相关**计划会议**；及 (ii) 必须在登记柜台出示由该计划债权人或被阻却计划债权人（视情况而定）或代其有效填妥及递交的账户持有人函、贷款人代理委任表或被阻却计划债权人表（视情况而定）的副本，连同公司授权证明（如其为法团）（例如有效授权书及／或董事会决议案）及个人身份证明（即有效护照正本或其他政府签发的附有照片的身份证明文件正本）。如果未出示适当的个人身份证明和授权证明，该人士将不被允许出席相关**计划会议**或在计划会议上投票。如计划债权人委任**主席**为其代理，**主席**无须携带账户持有人函、贷款人代理委任表或被阻却计划债权人表（视情况而定）出席相关计划会议。

**计划会议主席**

根据计划召开令，法院已委任Grant Thornton Recovery & Reorganisation Limited的总经理 Mat Ng 及/或总经理 Nigel Trayers，或Grant Thornton Recovery & Reorganisation Limited的其他代表担任**计划会议**的主席。计划会议的结果将在交易网站上公布。

**认许聆讯**

如在计划会议上获得批准，计划随后须获得法院的批准和认可。**计划认许聆讯**目前定于**香港时间2025年12月4日上午10:00**时进行。任何计划债权人均有权（但非必须）通过法律代表出席**计划认许聆讯**，以支持或反对认许计划。

**进一步信息**

如需了解更多信息，请通过以下联系方式联系信息代理（若为非被阻却计划债权人的**计划债权人**）、**被阻却计划债权人计票代理**（若为被阻却计划债权人）或公司的财务顾问或法律顾问（视情况而定）：

> **信息代理**
>
> **Sodali & Co Ltd.**
> 地址（香港）：香港上环干诺道中90号1401室
> 地址（伦敦）：英国伦敦市利德贺街122号，EC3V 4AB
> 电话：香港：+852 2319 4859 / 伦敦：+44 207 382 0359
> 交易网站（文件发布网站）：https://projects.sodali.com/countrygarden
> 计划门户网站（用于提交账户持有人函或贷款人代理委任表）：
> https://portal.sodali.com/countrygarden
> 电邮：countrygarden@investor.sodali.com

> **被阻却计划债权人计票代理**
>
> **GLAS Agency (Hong Kong) Limited**
> 地址：香港中环皇后大道中28号中汇大厦16楼1603室
> 电邮：agent.asia@glas.agency

**公司财务顾问**

**Houlihan Lokey (China) Limited**

地址：香港中环金融街8号国际金融中心二期1903-1907室

电话：+852 3551 2300

电邮：CountryGarden2025@HL.com

及

**中国国际金融香港证券有限公司**

地址：香港中环港景街1号国际金融中心一期29楼

电话：+852 2872 2000

电邮：cogard2025@cicc.com.cn

**公司法律顾问**

**年利达律师事务所**

地址（香港）：香港遮打道历山大厦 11 楼

地址（新加坡）：新加坡乔治街一号17-01室，049145

电话：香港：+852 2842 4888 / 新加坡：+65 6692 5700

电邮：dlcogard@linklaters.com

碧桂园控股有限公司

日期：[●]年[●]月[●]日

HCMP 1366 / 2025

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 1366 OF 2025

---

IN THE MATTER OF COUNTRY GARDEN HOLDINGS COMPANY LIMITED 碧桂園控股有限公司

and

IN THE MATTER OF section 670 of the Companies Ordinance, Chapter 622 of the Laws of Hong Kong

---

ORDER

---

Dated the    12th day of September 2025

Filed on the 16th day of September 2025 at            a.m./p.m.

Linklaters
Solicitors for the Company
11th Floor, Alexandra House
Chater Road, Central
Hong Kong
Tel: 2842 4888        Fax: 2810 8133
(Ref: WL/DFUNG/EC/EH/L-348128)

**ATTACHMENT 2**

**ITEM 6-2: BOARD RESOLUTIONS APPOINTING FOREIGN REPRESENTATIVE**

Confidential

**Country Garden Holdings Company Limited**

**碧桂園控股有限公司**

**(the "Company", together with its subsidiaries, the "Group")**

*(Incorporated in the Cayman Islands with limited liability)*

Pursuant to article 119 of the articles of association of the Company (the "**Articles**"), we, the undersigned, being all directors of the Company ("**Director(s)**"), acting by written consent without a meeting of the board of Directors (the "**Board**") DO HEREBY CONSENT TO THE ADOPTION OF THE FOLLOWING RESOLUTIONS:

---

## 1    DECLARATION OF INTEREST

**IT IS NOTED THAT:** Each Director had confirmed that, prior to the circulation of these resolutions, they had disclosed their interest (if any) in the matters outlined below, as required by article 99 of the Articles or under any law applicable to the Company.

## 2    BACKGROUND

**IT IS NOTED THAT:**

(a)    The Directors have passed the written resolutions dated 10 April 2025, 25 April 2025, 9 May 2025 and the special board committee of the Directors (comprising two executive Directors and one independent non-executive Director as authorised by the written board resolutions dated 9 May 2025) have passed the written resolutions dated  23 May 2025, 6 June 2025 and 18 August 2025 (the "**Previous Resolutions**") in relation to, among others, the proposed restructuring of the Company's offshore indebtedness (the "**Proposed Restructuring**"), the restructuring support agreement (the "**RSA**", as amended and supplemented, including the term sheet (the "**Term Sheet**") appended thereto) entered into by the Company as well as other related transactions and documentation in relation to the Proposed Restructuring, and the Company published announcements (the "**Announcements**") on 9 January 2025, 11 April 2025, 6 June 2025 and 18 August 2025, among others, to announce the certain key commercial terms and major progress of the Proposed Restructuring. Unless the context otherwise requires, capitalized terms used herein shall have the same meaning as defined in the Previous Resolutions, the RSA, the Term Sheet and the Announcements.

(b)    Since the execution of the RSA on 11 April 2025, the Company has made significant progress in its implementation of the relevant long form documentation in relation to the Proposed Restructuring. The Proposed Restructuring will involve the following key transactions:

(i)     the implementation of a consent solicitation to change the governing law of the Existing HKD Convertible Bonds from English law to Hong Kong law (the "**Existing HKD Convertible Bonds Consent Solicitation**");

(ii)    proposing a scheme of arrangement under sections 670, 673 and 674 of the Hong Kong Companies Ordinance ("**Scheme**") between the Company and the beneficial holders and lenders under the existing debt instruments set out in Schedule 1 (together, the "**Existing Debt**" and holders of the Existing Debt, the "**Scheme Creditors**");

(iii) recognition of the Scheme under Chapter 15 of the US Bankruptcy Code (Title 11 of the United States Code) ("**Chapter 15 Proceedings**"); and

(iv) certain other corporate transactions as set out in the Term Sheet, including the disposal of the Company's equity interest in the "Forest City" project to the controlling shareholder (the **CGPV Acquisition**").

## 3  KEY TERMS OF THE SCHEME

**IT IS FURTHER NOTED THAT:**

<u>Overview of Existing Debt and Class Composition</u>

(a)  The Company intends to propose the Scheme with two classes of Scheme Creditor:

(i)  **Scheme Creditors (Class 1)**: lenders under the Existing Syndicated Loans which have the benefit of: (i) guarantees granted by eight offshore Group subsidiaries and security granted over the shares of the same offshore Group subsidiaries as well as Wise Fame Group Ltd (智發集團有限公司) as governed by an intercreditor agreement dated 10 September 2009 (the "**ICA Credit Support**"); and (ii) additional guarantees granted by, and security granted over the shares of, 11 offshore Group subsidiaries as governed by a security sharing agreement dated 20 July 2023 ("**SSA Credit Support**"); and

(ii)  **Scheme Creditor (Class 2):** holders of the (A) Existing Public Notes, Existing HKD Convertible Bonds, Ever Credit Bilateral Loan and ICBC Loan, which have the benefit of the ICA Credit Support, and (B) Existing Loans (Onshore Credit Support), which have the benefit of onshore credit support provided certain onshore subsidiaries of the Group.

(b)  The Company has concluded that it is necessary for the following claims to be released pursuant to the Scheme:

(i)  the release and discharge of all liability against the Company in respect of the Existing Debt irrespective of the capacity of the Company whether as primary *obligor*, secondary obligor, as surety or otherwise howsoever; and

(ii)  all other obligors under the Existing Debt will be released and discharged from their respective obligations (including under any guarantee or security interest), save for the Existing Loans (Onshore Credit Support),

<u>Scheme Consideration Entitlement</u>

(c)  In consideration for compromising the Existing Debt, the following instruments will be distributed as "**Scheme Consideration Entitlement**" pursuant to the Scheme:

(i)  All Scheme Creditors will be able to elect from or otherwise be allocated the five options, comprising (i) cash payments, (ii) mandatory convertible bonds, and (iii) medium-term and long-term debt instruments (as set out in the Term Sheet) (the "**New Instruments**"), which cater to the different preferences, needs and investment profiles of the Scheme Creditors;

(ii)  Scheme Creditors (Class 1) will receive monetary compensation in return for agreeing to their inclusion in the Scheme and to compromise their existing rights over the SSA Credit Support, such that the assets subject to

the SSA Credit Support can be shared between all Scheme Creditors in the future as part of the credit support package of certain of the New Instruments. The monetary compensation shall comprise: (A) a cash payment of USD89 million and (B) a two-year tenor term loan in the principal amount of USD89 million; and

(iii)     In the event the CGPV Acquisition occurs, a contingent value right instrument shall be issued to allow holders of the New Instruments to share in any cash consideration which the controlling shareholder may realise from the onward disposal of the "Forest City" project.

<u>Existing HKD Convertible Bonds Consent Solicitation</u>

(d)     The Company will complete the Existing HKD Convertible Bonds Consent Solicitation to change the governing laws of the Existing HKD Convertible Bonds to the laws of Hong Kong in parallel with the Scheme. The change in the governing laws of the Existing HKD Convertible Bonds to the laws of Hong Kong will enable the holistic and effective release, discharge and/or compromise of the Existing Debt through the Scheme once it becomes effective

<u>Chapter 15 Proceedings and Foreign Representative</u>

(e)     The Board has been advised by Linklaters that, because the Existing Public Notes subject to the Proposed Restructuring are governed by New York law, it may be possible for a holder of the Existing Public Notes to commence proceedings in New York against the Company even after the Scheme is sanctioned by the Court.

(f)     The Board is further advised by Linklaters that, in order to avoid this risk, the Company shall seek recognition and assistance of the orders made by the Court in sanctioning the Scheme as part of the Proposed Restructuring from the United States Bankruptcy Court under Chapter 15 of the US Bankruptcy Code (Title 11 of the United States Code). Accordingly, the Board shall appoint a foreign representative (the "**Foreign Representative**") to file the Chapter 15 Proceedings (if the Company subsequently determines that there is a need to do so).

**IT IS FURTHER NOTED THAT:**

(g)     The Directors have been provided with and carefully considered the contents of the following documents to be filed in the Scheme and the Chapter 15 Proceedings:

(i)     ex-parte Originating Summons filed in the Scheme;

(ii)     the Affirmation of Mr. Mo Bin dated 3 September 2025, together with Exhibit MB-1 in support of the Scheme;

(iii)     an advanced draft of the Second Affirmation of Mr. Mo Bin, together with Exhibit MB-2 in support of the Scheme

(iv)     an advanced draft of the explanatory statement in respect of the Scheme, together with its appendices;

(v)     an advanced draft of the principal terms of the New Instruments appended to the explanatory statement; and

(vi)     an advanced draft of the Foreign Representative Declaration in respect of the Chapter 15 Proceedings;

(together, the "**Documents**").

**4    IT IS UNANIMOUSLY RESOLVED THAT:**

(a)    It is in the interest, for the purposes and benefit of the Group and its business to enter into the transactions contemplated under the Documents (the "**Transactions**") and to give effect to and to implement the Proposed Restructuring and each of the Transactions.

(b)    After considering the approach set out in the Documents, the Board believes that the Scheme Creditors should be separated into two classes being Scheme Creditors (Class 1) and Scheme Creditors (Class 2) for purposes of considering and voting on the Schemes.

(c)    The contents of the Documents are approved.

(d)    Mr. Mo Bin and any member of the Board be appointed and authorised to give statements in respect of the Company's business and Proposed Restructuring, including but not limited any affidavit/affirmation(s) in support of the Scheme as may be necessary or desirable to effectuate the intent and the purpose of implementing the Proposed Restructuring.

(e)    Mr. Mo Bin and any member of the Board be and is hereby authorised to negotiate, approve, agree and finalise any amendments to the Documents (or any additional documents required for purposes of the Restructuring) as he or she thinks fit, make and authorise the filing of the same with the Hong Kong Registrar of Companies in the name and on behalf of the Company, as required pursuant to sections 670, 673 and 674 of the Hong Kong Companies Ordinance and as directed by the Hong Kong Court.

(f)    Mr. Mo Bin and any member of the Board be and is hereby authorised to, for and on behalf of the Company, issue all relevant notices and announcements in respect of the Proposed Restructuring, and THAT all such announcements previously published by the Company in connection with the Proposed Restructuring generally be and are hereby approved, confirmed, and ratified.

(g)    The Company appoints Mr. Fong Ching Lam as the Company's Foreign Representative for a one year period as at the date hereof. The Foreign Representative:

(i)    will have specific powers to individually bind and represent the Company with respect to the Scheme, including for the purposes of seeking any relief available to a "foreign representative" in the Chapter 15 Proceedings;

(ii)    be and is hereby authorised to act as the Company's agent in seeking any relief available to a "foreign representative" in any Chapter 15 Proceedings;

(iii)    be and is hereby authorised and empowered to retain and employ on his own behalf, in his capacity in the relevant proceedings at the expense of the Company, Linklaters or another US legal counsel as appropriate, in connection with pursuing any Chapter 15 Proceedings; and

(iv)    be and is hereby authorised to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, declarations, and other papers, and to take any and all further actions which the Foreign

Representative or the Company's legal counsel may deem necessary, proper, or desirable in connection with any Chapter 15 Proceedings, with a view to the successful resolution of such case.

## 5    RATIFICATION

**IT IS FURTHER UNANIMOUSLY RESOLVED THAT** any of the foregoing which have been done on behalf of the Company on or before the date of these resolutions be and are adopted, ratified, confirmed and approved on behalf of the Company in all respects.

## 6    COUNTERPARTS

Pursuant to article 119 of the Articles, these written resolutions may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument.

**\*\*signature page to follow\*\***

Dated:  23.09.2025

All Directors:


_____          _____
YANG Huiyan                                       MO Bin


_____          _____
YANG Ziying                                       CHENG Guangyu


_____          _____
WU Bijun                                          CHEN Chong


_____          _____
HAN Qinchun                                       WANG Zhijian


_____
TUO Tuo

Dated:    23.09.2025

All Directors:

| | |
|---|---|
| _____ | _____ |
| YANG Huiyan | MO Bin |
| _____ | _____ |
| YANG Ziying | CHENG Guangyu |
| _____ | _____ |
| WU Bijun | CHEN Chong |
| _____ | _____ |
| HAN Qinchun | WANG Zhijian |
| _____ | |
| TUO Tuo | |

2201153604

**Dated:**  24.09.2025

All Directors:

YANG Huiyan                                    MO Bin

YANG Ziying                                    CHENG Guangyu

WU Bijun                                       CHEN Chong

HAN Qinchun                                    WANG Zhijian

TUO Tuo

Dated:  23.09.2025

All Directors:


_____          _____
YANG Huiyan                                        MO Bin


_____          _____
YANG Ziying                                         CHENG Guangyu


_____          _____
WU Bijun                                              CHEN Chong


_____          _____
HAN Qinchun                                       WANG Zhijian


_____
TUO Tuo

Dated:   25.09.2025

All Directors:

_____          _____
YANG Huiyan                        MO Bin


_____          _____
YANG Ziying                        CHENG Guangyu


_____          _____
WU Bijun                           CHEN Chong


_____          _____
HAN Qinchun                        WANG Zhijian


_____
TUO Tuo

Dated: 23.09.2025

All Directors:

YANG Huiyan

MO Bin

YANG Ziying

CHENG Guangyu

WU Bijun

CHEN Chong

HAN Qinchun

WANG Zhijian

TUO Tuo

Dated: *Sep. 23, 2025*

All Directors:

| | |
|---|---|
| _____ | _____ |
| YANG Huiyan | MO Bin |
| | |
| _____ | _____ |
| YANG Ziying | CHENG Guangyu |
| | |
| _____ | _____ |
| WU Bijun | CHEN Chong |
| | |
| _____ | _____ |
| HAN Qinchun | WANG Zhijian |
| | |
| _____ | |
| TUO Tuo | |

Dated: 2025. 9. 23

All Directors:


_____          _____
YANG Huiyan                                                     MO Bin


_____          _____
YANG Ziying                                                      CHENG Guangyu


_____          _____
WU Bijun                                                          CHEN Chong


_____          _____
HAN Qinchun                                                   WANG Zhijian


_____
TUO Tuo

Dated: 25.09.2025

All Directors:

<div style="display:flex; justify-content:space-between;">

YANG Huiyan
_____

MO Bin
_____

</div>

YANG Ziying
_____

CHENG Guangyu
_____

WU Bijun
_____

CHEN Chong
_____

HAN Qinchun
_____

WANG Zhijian
_____

TUO Tuo
_____

**ATTACHMENT 3**

**ITEM 7: STATEMENT IDENTIFYING FOREIGN PROCEEDINGS**

Christopher J. Hunker
Clark L. Xue
Matthew J. Bopp
**LINKLATERS LLP**
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Country Garden Holdings Company Limited,[1] | Case No. 25-_____  (___) |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF FOREIGN REPRESENTATIVE**
**PURSUANT TO SECTION 1515(c) OF THE BANKRUPTCY CODE**

I, Fong Ching Lam, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury

under the laws of the United States of America, as follows:

1.     I am the duly authorized foreign representative (a "<u>Foreign Representative</u>") of

Country Garden Holdings Company Limited (the "<u>Debtor</u>") which is the subject of a proceeding

entitled *In the Matter of Country Garden Holdings Company Limited* (Case Number HCMP 1366

/ 2025) (the "<u>Hong Kong Proceeding</u>") currently pending before the High Court of the Hong Kong

Special Administrative Region Court of First Instance.

2.     I respectfully submit this statement, as required by section 1515(c) of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), in support of the verified petition filed

---

[1]     Country Garden Holdings Company Limited's company registration number is 177345, and the location of its registered office is Conyers Trust Company (Cayman) Limited, Cricket Square, Hutchins Drive, P.O. Box 2681, George Town, Grand Cayman KY1-1111, Cayman Islands.

contemporaneously herewith seeking recognition by this Court of the Hong Kong Proceeding as a foreign main proceeding for the Debtor (the "Verified Petition").

3.      On February 27, 2024, Ever Credit Limited presented a winding-up petition against the Debtor in Hong Kong because of outstanding amounts payable under a certain term loan facility between Ever Credit Limited as lender and the Debtor as borrower (the "Ever Credit Petition").  Since then, the Hong Kong court has adjourned the hearing on the Ever Credit Petition several times given the general support from the Debtor's creditors in favor of its restructuring. Ever Credit Limited has written to the Hong Kong court stating that Ever Credit Limited intends to support the Debtor's proposed Restructuring subject to certain terms and conditions, and has since formally acceded to the Restructuring Support Agreement (as defined in the Verified Petition).

4.      Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the Hong Kong Proceeding and the Ever Credit Petition are the only known pending "foreign proceedings" with respect to the Debtor as that term is defined in section 101(23) of the Bankruptcy Code.

*[Signature Page Follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 1, 2025
      Hong Kong SAR

By:    */s/ Fong Ching Lam*
        Fong Ching Lam
        Deputy General Manager of
        Country Garden Holdings Company
        Limited

**ATTACHMENT 4**

**ITEM 8: DISCLOSURE PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE**

Christopher J. Hunker
Clark L. Xue
Matthew J. Bopp
**LINKLATERS LLP**
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Country Garden Holdings Company Limited,[1] | Case No. 25-_____ (___) |
| Debtor in a Foreign Proceeding. | |

**DISCLOSURE PURSUANT TO**
**RULE 1007(a)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Fong Ching Lam, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") of Country Garden Holdings Company Limited (the "Debtor"), hereby files this disclosure pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully sets forth as follows:

**A.      Administrators in Foreign Proceeding Concerning the Debtor**

1.      Fong Ching Lam is the duly authorized foreign representative of the Debtor in the Hong Kong Proceeding.[2]   The Foreign Representative's address is: Suite 1702, Dina House, Ruttonjee Centre, 11 Duddell Street, Central, Hong Kong.

---

[1]   Country Garden Holdings Company Limited's company registration number is 177345, and the location of its registered office is Conyers Trust Company (Cayman) Limited, Cricket Square, Hutchins Drive, P.O. Box 2681, George Town, Grand Cayman KY1-1111, Cayman Islands.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief.*

**B.**     **Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

2.      The Foreign Representative is not seeking provisional relief at this time because he is not aware of any imminent threat to the Debtor's assets located within the territorial jurisdiction of the United States or to the Hong Kong Proceeding by virtue of actions in the United States. If circumstances change or the Foreign Representative becomes aware of additional facts, the Foreign Representative reserves all rights to seek provisional relief pursuant to section 1519 of the Bankruptcy Code to protect the Debtor and its assets located in the United States.

**C.**     **All Parties to Litigation Pending in the United States in which the Debtor is a Party at the Time of Filing of the Petition**

3.      The Foreign Representative is not aware of any currently pending litigation in the United States to which the Debtor is a party.

Dated: October 1, 2025
     New York, New York

Respectfully submitted,

By:     */s/ Christopher J. Hunker*
     Christopher J. Hunker
     Clark L. Xue
     Matthew J. Bopp
     LINKLATERS LLP
     1290 Avenue of the Americas
     New York, NY 10104
     (212) 903-9000

     *Counsel to the Foreign Representative*

**ATTACHMENT 5**

**ITEM 11: CORPORATE OWNERSHIP STATEMENT**

Christopher J. Hunker
Clark L. Xue
Matthew J. Bopp
**LINKLATERS LLP**
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Country Garden Holdings Company Limited,[1] | Case No. 25-\_\_\_\_\_ (\_\_\_) |
| Debtor in a Foreign Proceeding. | |

<div align="center">

**CORPORATE OWNERSHIP STATEMENT**
**OF THE DEBTOR PURSUANT TO BANKRUPTCY**
**RULES 1007(a)(4) AND 7007.1 AND LOCAL RULE 1007-3**

</div>

Fong Ching Lam, solely in his capacity as the duly authorized foreign representative (the

"Foreign Representative") of Country Garden Holdings Company Limited (the "Debtor"), hereby

files the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal

Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern

District of New York.

As of the date of this statement, the entities known to the Foreign Representative which

beneficially own 5% or more of the issued shares of the Debtor are as follows:

- Yang Huiyan (Executive Director and Chairman of the Debtor) indirectly holds 14,539,618,535 shares of the Debtor (51.94%) through her wholly owned company, Concrete Win Limited. Chen Chong (Non-Executive Director of the Debtor) is also a beneficial owner of these shares as the spouse of Yang Huiyan.

---

[1] Country Garden Holdings Company Limited's company registration number is 177345, and the location of its registered office is Conyers Trust Company (Cayman) Limited, Cricket Square, Hutchins Drive, P.O. Box 2681, George Town, Grand Cayman KY1-1111, Cayman Islands.

Dated: October 1, 2025          Respectfully submitted,
       New York, New York


By:    _/s/ Christopher J. Hunker_____
       Christopher J. Hunker
       Clark L. Xue
       Matthew J. Bopp
       LINKLATERS LLP
       1290 Avenue of the Americas
       New York, NY 10104
       (212) 903-9000

       *Counsel to the Foreign Representative*