Christopher J. Hunker
Clark L. Xue
Matthew J. Bopp
**LINKLATERS LLP**
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Country Garden Holdings Company Limited,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-12175 (PB) |

**SUPPLEMENTAL DECLARATION OF FONG CHING LAM**
**IN SUPPORT OF THE VERIFIED PETITION UNDER CHAPTER 15 FOR**
**RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

    I, Fong Ching Lam, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

    1.  I am over the age of 18 and, if called upon, could testify to all matters set forth in this Supplemental Declaration (the "Supplemental Declaration"). I am a Deputy General Manager of Country Garden Holdings Company Limited ("Country Garden" or the "Debtor," and together with its directly and indirectly owned non-Debtor subsidiaries, the "Country Garden Group") and the duly authorized foreign representative (the "Foreign Representative") of the Debtor. I am acquainted with the affairs of the Debtor. All facts set forth in this Supplemental Declaration are based upon (a) my personal knowledge; (b) my review of relevant documents and any and all

---

[1] Country Garden Holdings Company Limited's company registration number is 177345, and the location of its registered office is Conyers Trust Company (Cayman) Limited, Cricket Square, Hutchins Drive, P.O. Box 2681, George Town, Grand Cayman KY1-1111, Cayman Islands.

documents prepared and filed in connection with the Hong Kong Proceeding (as defined below) and the above-captioned chapter 15 case (the "Chapter 15 Case"); (c) information supplied to me by the officers, directors, employees, or professionals retained by the Debtor; or (d) my experience and knowledge of the Debtor's operations, assets, and financial condition.

2.  I submit this Supplemental Declaration in accordance with section 1515 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

3.  The Debtor is the subject of a proceeding in Hong Kong entitled *In the Matter of Country Garden Holdings Company Limited* (Case Number HCMP 1366 / 2025) (the "Hong Kong Proceeding") currently pending before the High Court of the Hong Kong Special Administrative Region Court of First Instance (the "Hong Kong Court") concerning a scheme of arrangement (the "Scheme") between Country Garden and those persons defined in the Scheme as "Scheme Creditors" (the "Scheme Creditors") pursuant to sections 670, 673 and 674 of the Hong Kong Companies Ordinance (Cap. 622 of the Laws of Hong Kong) (the "Companies Ordinance"). In my capacity as the Foreign Representative, I have detailed knowledge of, and experience with, the Debtor's affairs and its creditors.

4.  After a hearing held before the Court on November 17, 2025 (the "Recognition Hearing"), the Court continued the hearing and requested supplemental evidence regarding the location of the Debtor's center of main interest ("COMI").

5.  To that end, I submit this Supplemental Declaration in further support of (i) the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "Petition"), and (ii) the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 2] (the "Verified Petition," and together with the Petition, the "Chapter

2

15 Petition"),[2] and to supplement the record, including the *Declaration of Fong Ching Lam in Support of the Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 3] (the "Foreign Representative Declaration"), with facts responsive to the Court's queries and to support further the contentions that Hong Kong is the location of the Debtor's COMI and the Hong Kong Proceeding should be recognized as a "foreign main proceeding."

## I. Location of the Debtors' Headquarters

6. As noted in the Foreign Representative Declaration, the Debtor is registered as a non-Hong Kong company under Part 16 of the Hong Kong Companies Ordinance (Chapter 622 of the Laws of Hong Kong) with business registration number 37592254. The Debtor has an established place of business and is registered to conduct business in Hong Kong. The Debtor maintains its physical headquarters and principal place of business in Hong Kong at Suite 1702, 17/F, Dina House, Ruttonjee Centre, 11 Duddell Street, Central, Hong Kong, and maintains a staff of 22 full time employees in Hong Kong, including key corporate functions such as its finance, investor relations, and compliance teams.[3] The Debtor also maintains a branch share registrar and transfer office in Hong Kong.[4] Further, the Debtor's business activities and key decision-making have principally been conducted in Hong Kong.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Chapter 15 Petition.

[3] While these employees work full time to support the Debtor from Hong Kong and are paid by the Debtor, they are not directly employed by the Debtor. Rather, they are employed by one of the Debtor's subsidiaries located in Hong Kong. The Debtor, as a financial holding company, does not have employment contracts with any employee.

[4] The branch share registrar and transfer office is an administrative office maintained by the Debtor as required under the HKEX listing rules which handles administrative tasks such as issuing shares, registering share transfers, and replacing damaged or lost share certificates.

3

7. The Debtor is or has been engaged in three principal business activities since its formation: (i) holding equity in its direct subsidiaries, (ii) raising capital, and (iii) for the past two years, restructuring its Existing Debt. As set forth below, the key decisions relating to each of these business activities has taken place primarily in Hong Kong. As a financial holding company, the Debtor does not carry on any other business activities.

8. Moreover, the auditor of the Debtor (and the entire Country Garden Group consolidated financial statements) is Zhonghui Anda CPA Limited, a Hong Kong accounting firm, and the audits of the financial statements of the Debtor and the Country Garden Group have been conducted in accordance with Hong Kong Standards on Auditing issued by the Hong Kong Institute of Certified Public Accountants. Further, while the Country Garden Group as a whole conducts business in the PRC and elsewhere, the Debtor does not. The Debtor is not registered to, and does not hold any licenses to, conduct business in the PRC or elsewhere.

## II. Location of those Who Manage the Debtor

9. The Articles of Association of the Debtor provides that the business of the Debtor shall be managed and conducted by its board of directors (the "Board"). The Board currently consists of nine members, six of whom reside and work in Hong Kong, including Yang Huiyan (the Chairman of the Debtor), Mo Bin (the President of the Debtor), and Wu Bijun (the CFO of the Debtor). Set forth below is a table with the names, locations, and roles of the directors and officers of the Debtor:

| Name | Location | Position with Debtor | Other Position(s) in the Country Garden Group |
|---|---|---|---|
| Yang Huiyan | Hong Kong | Executive Director, Chairman | Director of various subsidiaries of the Debtor |
| Mo Bin | Hong Kong | Executive Director, President | Chairman of Tengyue Building Technology Group, and director of |

4

| | | | various subsidiaries of the Debtor |
|---|---|---|---|
| Yang Ziying | Hong Kong | Executive Director | N/A |
| Cheng Guangyu | PRC | Executive Director | CEO of Country Garden Property Group |
| Wu Bijun | Hong Kong | Executive Director, CFO | Director of a subsidiary of the Debtor |
| Chen Chong | Hong Kong | Non-executive Director | N/A |
| Han Qinchun | Hong Kong | Independent Non-executive Director | N/A |
| Wang Zhijian | PRC | Independent Non-executive Director | N/A |
| Tuo Tuo | PRC | Independent Non-executive Director | N/A |

Since the Debtor's listing on the main board of HKEX in 2007, most members of the Board have been residents of Hong Kong. Accordingly, the Debtor is managed by a Board whose majority resides and works in Hong Kong.

10. Prior to the COVID-19 pandemic, all meetings of the Board to approve annual results and interim results were physically held in Hong Kong. Other Board meetings to approve quarterly updates and conduct other business (including Board committee meetings) were held by telephone originated from Hong Kong. The Board meeting minutes for these telephone meetings state that the meetings were conducted by telephone originated from Hong Kong, with the Debtor's secretary (Luo Jie) and the Debtor's compliance team joining from Hong Kong, and with directors participating from Hong Kong or elsewhere. Since the COVID-19 pandemic, the Debtor has held all of its Board meetings by telephone originated from Hong Kong, in addition to approving Board actions by written resolution.

11. For the past two years, including since the commencement of the Chapter 15 Case, the Debtor's Restructuring activities have been its primary business activity, and those who manage this process have done so primarily from Hong Kong. All meetings involving the key decision makers in the Restructuring (including members of the Board) were held either physically

5

in Hong Kong or by telephone originated from Hong Kong. These meetings covered topics such as due diligence on the Debtor, progress on a restructuring plan for the Debtor, and negotiations in respect of the Restructuring.

12.     Since the Debtor commenced its Restructuring efforts beginning in the last quarter of 2023, there have been eight material meetings among the Debtors' advisors, the Ad Hoc Group's advisors, the Debtor, and/or Ad Hoc Group members. Six of these meetings have taken place physically in Hong Kong, and two were conducted virtually (with key participants joining virtually from Hong Kong). No meetings were held physically outside of Hong Kong. Set forth below is a table summarizing the participants in each of these material meetings.

| Date | Participants | Topics Discussed | Location |
|---|---|---|---|
| April 25, 2024 | Debtor (including CFO), Debtor advisors, and Ad Hoc Group advisors | Overall terms of the Restructuring | Hong Kong (Debtor's headquarters) |
| June 12, 2024 | Debtor advisors and Ad Hoc Group advisors | Overall terms of the Restructuring | Hong Kong (PJT Hong Kong office) |
| June 21, 2024 | Debtor advisors and Ad Hoc Group advisors | Due diligence session | Hong Kong (KPMG Hong Kong office) |
| December 12, 2024 | Debtor (including CFO), Debtor advisors, and Ad Hoc Group advisors | Overall terms of the Restructuring | Hong Kong (Linklaters Hong Kong office) |
| March 12, 2025 | Debtor advisors and Ad Hoc Group advisors | Overall terms of the Restructuring | Hong Kong (Houlihan Lokey Hong Kong office) |
| March 20, 2025 | Debtor (including CFO), Debtor advisors, Ad Hoc Group members, and Ad Hoc Group advisors | Overall terms of the Restructuring | Online conference meeting (with certain participants joining remotely in Hong Kong) |
| March 27, 2025 | Debtor (including Chairman and CFO), Debtor advisors, Ad Hoc Group members, and Ad Hoc Group advisors | Overall terms of the Restructuring | Online conference meeting (with certain participants joining remotely in Hong Kong) |
| April 2, 2025 | Debtor (including Chairman and CFO), Debtor advisors, and Ad Hoc Group advisors | Overall terms of the Restructuring | Hong Kong (Houlihan Lokey Hong Kong office) |

6

13. Additionally, the Debtor has also held frequent meetings with a coordination committee of its bank lenders (either with or without advisors present). These meetings were either held physically in Hong Kong or by virtual conference originated from Hong Kong.

14. Other than the Board meeting conducted on November 11, 2025 which was held by telephone originated from Hong Kong, all decisions of the Board relating to the Restructuring were made via written resolution, and none were made at a Board meeting held outside of Hong Kong. Set forth below is a table summarizing the subject matter and location (if applicable) of such Board decisions.

| Date | Subject Matter | Decision Format |
|---|---|---|
| October 10, 2023 | Approval of certain announcements on the HKEX | Written resolution |
| July 19, 2024 | Approval of the escrow arrangement in respect of the Restructuring | Written resolution |
| April 10, 2025 | Approval of the RSA and approval of Ad Hoc Group fee letter | Written resolution |
| April 25, 2025 | Approval of the deed poll, revised term sheet, and securities principles schedules in respect of the Restructuring | Written resolution |
| May 9, 2025 | Approval of extending the early-bird RSA fee and RSA fee deadlines, announcements under the HKEX listing rules | Written resolution |
| May 23, 2025 | Approval of further extension of the early-bird RSA fee | Written resolution |
| June 6, 2025 | Approval of further extension of RSA fee deadlines | Written resolution |
| August 18, 2025 | Approval of extension of certain RSA fee deadlines and certain announcements under the HKEX listing rules | Written resolution |
| September 23, 2025 | Appointment of the Foreign Representative | Written resolution |
| November 11, 2025 | Approval of transactions in connection with the Restructuring and materials relating to extraordinary general meeting | Telephone meeting originated from Hong Kong |

15. As noted in the Foreign Representative Declaration, the Debtor's shares have been listed on the main board of HKEX since April 20, 2007. Consequently, the management activities

7

of the Debtor with respect to matters affecting its equity interests occur in Hong Kong (e.g., maintaining and updating its share register, operating its investor relations office, and complying with HKEX regulations).

16. Similarly, work related to the Debtor's various debt issuance activities occurs or has occurred primarily in Hong Kong. For instance, the issuance of the Debtor's USD $500,000,000 6.15% Senior Notes due 2025 (ISIN XS2051371222) (one series of the Existing US Public Notes) was approved via a physical board meeting at the Debtor's Hong Kong headquarters on September 6, 2019, and all of the Debtor's remaining Existing Debt was approved either via written resolution of the Board, by a special committee of the Board (consisted of three members of the Board with at least two members resided and worked in Hong Kong at the relevant time), or delegated to be approved under general authority with Wu Bijun (the CFO of the Debtor who resides and works in Hong Kong) being required to be one of the approvers. Moreover, of the Debtor's 25 principal bankers as listed in Debtor's last annual report, 22 are banks holding licenses issued by the Hong Kong Monetary Authority.

17. Critically, the preparation activities in relation to the issuance of or borrowing under all of the Existing Debt took place primarily in Hong Kong. The overwhelming majority of investor calls and roadshow calls with respect to the issuance of the Existing Convertible Bonds and Existing US Public Notes, as well as meetings with arrangers and investors with respect to the issuance of the Existing Syndicated Loans, and Existing HK Bilateral Loans were held in Hong Kong. More specifically, between 2014 and 2022, the Debtor held 68 major investor activities (including investor calls and roadshow calls) physically in Hong Kong and 44 by way of virtual conferences organized by Hong Kong-based financial institutions.

18. Further, the overwhelming majority of the investment banks and other financial institutions involved in the issuance and administration of the Existing Debt are based in Hong Kong. The investment banks and other financial institutions associated with the issuance of the Existing Convertible Bonds and Existing US Public Notes, acting as joint global coordinators, joint bookrunners and/or joint lead managers, and their respective locations, are listed below:

| Existing Debt | Joint Global Coordinators, Joint Bookrunners, and/or Joint Lead Managers | Location |
|---|---|---|
| **Existing Convertible Bonds (ISIN: XS2434313016)** | UBS AG Hong Kong Branch (Sole Bookrunner) | Hong Kong |
| **Existing Convertible Bonds (ISIN: XS1914667057)** | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | JP Morgan Securities plc | United Kingdom |
| | The Hongkong and Shanghai Banking Corporation | Hong Kong |
| **Existing US Public Notes (ISIN: XS1880442717)** | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | JP Morgan Securities plc | United Kingdom |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | UBS AG Hong Kong Branch | Hong Kong |
| **Existing US Public Notes (ISIN: XS1974522853)** | Morgan Stanley & Co. International plc | United Kingdom |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | Industrial and Commercial Bank of China (Asia) Limited | Hong Kong |
| **Existing US Public Notes (ISIN: XS1750118462)** | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | BOCI Asia Limited | Hong Kong |
| | J.P. Morgan Securities plc | United Kingdom |
| | Morgan Stanley & Co. International plc | United Kingdom |
| **Existing US Public Notes (ISIN: XS2178949561)** | Morgan Stanley & Co. International plc | United Kingdom |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | UBS AG Hong Kong Branch | Hong Kong |
| **Existing US Public Notes (ISIN: XS2051371222)** | Morgan Stanley & Co. International plc | United Kingdom |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | Morgan Stanley & Co. International plc | United Kingdom |

| | | |
|---|---|---|
| **Existing US Public Notes (ISIN: XS2240971742)** | UBS AG Hong Kong Branch | Hong Kong |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | J.P. Morgan Securities plc | United Kingdom |
| | Standard Chartered Bank | United Kingdom |
| | CLSA Limited | Hong Kong |
| **Existing US Public Notes (ISIN: XS2210960022)** | Morgan Stanley & Co. International plc | United Kingdom |
| | J.P. Morgan Securities plc | United Kingdom |
| | UBS AG Hong Kong Branch | Hong Kong |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | Standard Chartered Bank | United Kingdom |
| | CLSA Limited | Hong Kong |
| **Existing US Public Notes (ISIN: XS1974522937)** | Morgan Stanley & Co. International plc | United Kingdom |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | Industrial and Commercial Bank of China (Asia) Limited | Hong Kong |
| **Existing US Public Notes (ISIN: XS2280833133)** | Morgan Stanley & Co. International plc | United Kingdom |
| | UBS AG Hong Kong Branch | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | J.P. Morgan Securities plc | United Kingdom |
| **Existing US Public Notes (ISIN: XS1512953040)** | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | J.P. Morgan Securities plc | United Kingdom |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | BOCI Asia Limited | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | XinKong International Securities Limited | Hong Kong |
| **Existing US Public Notes (ISIN: XS2100725949)** | Morgan Stanley & Co. International plc | United Kingdom |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | Standard Chartered Bank | United Kingdom |
| **Existing US Public Notes (ISIN: XS2100726160)** | Morgan Stanley & Co. International plc | United Kingdom |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | Standard Chartered Bank | United Kingdom |
| **Existing US Public Notes (ISIN: XS2210960378)** | Morgan Stanley & Co. International plc | United Kingdom |
| | J.P. Morgan Securities plc | United Kingdom |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | UBS AG Hong Kong Branch | Hong Kong |
| | Standard Chartered Bank | United Kingdom |
| | CLSA Limited | Hong Kong |

| **Existing US Public Notes (ISIN: XS2240971825)** | Morgan Stanley & Co. International plc | United Kingdom |
|---|---|---|
| | UBS AG Hong Kong Branch | Hong Kong |
| | Goldman Sachs (Asia) L.L.C. | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | J.P. Morgan Securities plc | United Kingdom |
| **Existing US Public Notes (ISIN: XS2280833307)** | Morgan Stanley & Co. International plc | United Kingdom |
| | UBS AG Hong Kong Branch | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | BNP Paribas (Hong Kong) | Hong Kong |
| | J.P. Morgan Securities plc | United Kingdom |

19. The financial institutions associated with the issuance of Existing Syndicated Loans and Existing HK Bilateral Loans as mandated lead arrangers, lead arrangers, or arrangers, along with their respective locations, are listed below:[5]

| **Existing Debt** | **Mandated Lead Arrangers, Lead Arrangers, Bookrunners,** | **Location** |
|---|---|---|
| **Existing Syndicated Loans (HKD 8,133,300,000 and USD 453,000,000)** | Bank of China (Hong Kong) Limited (**facility agent**) | Hong Kong |
| | Bank of China (Thai) Public Company Limited | Thailand |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | Hang Seng Bank Limited | Hong Kong |
| | Agricultural Bank of China Limited Hong Kong Branch | Hong Kong |
| | Chong Hing Bank Limited | Hong Kong |
| | CMB Wing Lung Bank Limited | Hong Kong |
| | JPMorgan Chase Bank N.A., acting through its Hong Kong branch | Hong Kong |
| | Nanyang Commercial Bank, Limited | Hong Kong |
| | Standard Chartered Bank (Hong Kong) Limited | Hong Kong |
| | China Construction Bank (Asia) Corporation Limited | Hong Kong |
| | Shanghai Pudong Development Bank Co., Ltd., acting through its Hong Kong Branch | Hong Kong |
| | Shanghai Pudong Development Bank Co., Ltd. Singapore Branch | Singapore |
| | China Everbright Bank Co., Ltd. Hong Kong Branch | Hong Kong |

---

[5] While the lenders and administrative parties with respect to the Existing Loans (Onshore Credit Support) are primarily PRC banks, the Existing Loans (Onshore Credit Support) amount to less than 4% of the Existing Debt.

11

| | | |
|---|---|---|
| **Existing Syndicated Loans (HKD 6,076,000,000 and USD 559,000,000)** | China Construction Bank Corporation, Hong Kong Branch (**facility agent**) | Hong Kong |
| | The Hongkong and Shanghai Banking Corporation Limited | Hong Kong |
| | China Minsheng Banking Corp., Ltd. Hong Kong Branch | Hong Kong |
| | Hang Seng Bank Limited | Hong Kong |
| | Bank of China (Hong Kong) Limited | Hong Kong |
| | BNP Paribas, acting through its Hong Kong Branch | Hong Kong |
| | Chong Hing Bank Limited | Hong Kong |
| | Chong Hing Bank Limited, Macau Branch | Macau |
| | Goldman Sachs Bank USA | USA |
| | Standard Chartered Bank (Hong Kong) Limited | Hong Kong |
| | Morgan Stanley Bank, N.A. | USA |
| | Shanghai Pudong Development Bank Co., Ltd. Singapore Branch | Singapore |
| | Shanghai Pudong Development Bank Co., Ltd. London Branch | United Kingdom |
| | Shanghai Pudong Development Bank Co., Ltd., acting through its Hong Kong Branch | Hong Kong |
| | JPMorgan Chase Bank, N.A., acting through its Hong Kong Branch | Hong Kong |
| | UBS AG, Hong Kong Branch | Hong Kong |
| | Luso International Banking Ltd. | Macau |
| | China Guangfa Bank Co., Ltd., Hong Kong Branch | Hong Kong |
| | China Guangfa Bank Co., Ltd., Macau Branch | Macau |
| | Dah Sing Bank, Limited | Hong Kong |
| | PT Bank Mandiri (Persero) TBK, Hong Kong Branch | Hong Kong |
| **Existing Syndicated Loans (HKD 3,583,020,000 and USD 388,660,000)** | Bank of China (Hong Kong) Limited (**facility agent**) | Hong Kong |
| | Bank of China Limited, Macau Branch | Macau |
| | Bank of China Limited, Singapore Branch | Singapore |
| | Bank of China Limited, Sydney Branch | Australia |
| | Bank of China Limited, (Thai) Public Company Limited | Thailand |
| | Bank Of Shanghai (Hong Kong) Limited | Hong Kong |
| | China CITIC Bank International Limited | Hong Kong |
| | China Construction Bank Corporation Hong Kong Branch | Hong Kong |
| | China Everbright Bank Co., Ltd., Hong Kong Branch | Hong Kong |
| | China Everbright Bank Co Ltd, Luxembourg Branch | Luxembourg |
| | China Merchants Bank Co., Ltd, Singapore Branch | Singapore |
| | China Minsheng Banking Corporation Limited, Guangzhou Branch | PRC |
| | Chong Hing Bank Limited | Hong Kong |
| | CMB Wing Lung Bank Limited | Hong Kong |

12

|  | Industrial and Commercial Bank of China (Asia) Limited | Hong Kong |
|---|---|---|
|  | Industrial and Commercial Bank of China (Macau) Limited | Macau |
|  | JPMorgan Chase Bank, N.A., acting through its Hong Kong Branch | Hong Kong |
|  | Luso International Banking Ltd. | Macau |
|  | Nanyang Commercial Bank, Limited | Hong Kong |
|  | Shanghai Pudong Development Bank Co., Ltd., acting through its Hong Kong Branch | Hong Kong |
|  | Shanghai Pudong Development Bank Co., Ltd. Singapore Branch | Singapore |
|  | Shanghai Pudong Development Bank Co., Ltd. (acting through its Offshore Banking Unit) | PRC |
|  | Standard Chartered Bank (Hong Kong) Limited | Hong Kong |
|  | Tai Fung Bank Limited | Macau |
|  | The Bank of East Asia, Limited | Hong Kong |
|  | UBS AG Hong Kong Branch | Hong Kong |
| **Existing HK Bilateral Loan (HKD 1,880,000,000)** | Ever Credit Limited (**lender**) | Hong Kong |
| **Existing HK Bilateral Loan (US $280,000,000)** | Industrial and Commercial Bank of China (Asia) Limited (**facility agent**) | Hong Kong |

20.  Additionally, all of the Debtor's professional advisors and service providers in respect of the Restructuring are located in Hong Kong as set forth below:

| Role | Name | Location(s) |
|---|---|---|
| Financial Advisor to the Debtor | Houlihan Lokey (China) Limited | Hong Kong |
| Financial Advisor to the Debtor | China International Capital Corporation Hong Kong Securities Limited | Hong Kong |
| Lead Counsel to the Debtor | Linklaters | Hong Kong |
| Cayman Counsel to the Debtor | Maples and Calder (Hong Kong) LLP | Hong Kong |
| Liquidation Analysis Provider | Kroll (HK) Limited | Hong Kong |
| Information Agent | Sodali & Co Ltd | United Kingdom and Hong Kong |
| Scheme Chairperson | Grant Thornton Recovery & Reorganisation Limited | Hong Kong |
| Blocked Scheme Creditor Tabulation Agent | GLAS Agency (Hong Kong) Limited | Hong Kong |
| Blocked Escrow Agent | GLAS Agency (Hong Kong) Limited | Hong Kong |
| Holding Period Trustee | GLAS Agency (Hong Kong) Limited | Hong Kong |

13

21. In sum, the management of the Debtor takes place primarily from Hong Kong, and not from the PRC, the Cayman Islands or any other jurisdiction.

### III. Location of the Debtor's Primary Assets

22. As a supplement to the evidence set forth in the Foreign Representative Declaration, the Debtor not only maintains its primary assets – its equity investments in its subsidiaries, which are physically held in the form of certificated shares, in Hong Kong, it also maintains the vast majority (over 96%) of its cash in 88 deposit accounts at 27 financial institutions located in Hong Kong.

### IV. Location of the Debtor's Creditors

23. As set forth in the Foreign Representative Declaration, a plurality of Scheme Creditors, consisting of at least 37.1% by value, are either located in Hong Kong or managed from Hong Kong, with no other location having a higher percentage by value. Additionally, of the Scheme Creditors that participated at the Scheme Meetings held on November 5, 2025, approximately 42.6% by number, representing approximately 43.7% by value of total Existing Debt, have registered Hong Kong addresses. No other location had a higher percentage of Scheme Creditors by number or by value.

### V. Jurisdiction Whose Laws Would Apply to Most Disputes

24. As set forth in the Foreign Representative Declaration, the laws governing the Existing Debt that is subject to the Scheme are New York law, English law,[6] PRC law, and Hong Kong law. Approximately 32% by value of the Existing Debt that is subject to the Scheme is (or

---

[6] Although the Existing Convertible Bonds are currently governed by English law, I understand that the Debtor has undertaken a successful consent solicitation (the "Consent Solicitation") to change the governing law of the Existing Convertible Bonds to Hong Kong law, which will be effectuated prior to the effective date of the Restructuring.

will be after effectuation of the Consent Solicitation) governed by Hong Kong law, and the only jurisdiction with a higher percentage by value is New York, given that the Existing US Public Notes are governed by New York law. None of the Existing Debt being compromised as part of the Scheme is governed by Cayman Islands law, and less than 4% is governed by PRC law.

25. I am informed that Hong Kong follows the "rule in *Gibbs*," which provides that debt governed by Hong Kong law can only be compromised by a Hong Kong court – including by way of a Hong Kong Scheme. Accordingly, I am informed that even if the Debtor conducted its Restructuring in a jurisdiction other than Hong Kong, it would have needed to conduct a parallel Hong Kong Scheme to compromise the Existing Debt that is governed by Hong Kong law.

**VI.    The Expectation of Scheme Creditors with Respect to a Hong Kong COMI**

26. As noted above and in the Foreign Representative Declaration, the Debtor is publicly listed on the HKEX, and almost one-third of its Existing Debt is governed by Hong Kong law. While the Debtor has guaranteed the PRC-law governed Existing Loans (Onshore Credit Support), such loans amount to less than 4% of the total Existing Debt that is subject to the Scheme. None of the Existing Debt is governed by Cayman Islands law.

27. Since the start of the Debtor's Restructuring efforts in the last quarter of 2023, the Debtor and its creditors, including the Ad Hoc Group, have worked towards a Restructuring in Hong Kong given the centrality of Hong Kong to the Debtor's business and operations, the location of the Debtor's Scheme Creditors being primarily in Hong Kong, and the inability to compromise the Debtor's Hong Kong-law governed Existing Debt by a court other than the Hong Kong Court. At no time did the Debtor contemplate a Restructuring in a jurisdiction other than Hong Kong, including the U.S., Cayman, and the PRC, and no Scheme Creditor has suggested that the Debtor should pursue a Restructuring in a jurisdiction other than Hong Kong.

15

28. Further, the Restructuring Support Agreement (which approximately 77.26% of Scheme Creditors have executed or acceded to as of October 29, 2025) specifically contemplated the commencement of the Scheme in Hong Kong. No Scheme Creditor or other stakeholder of the Debtor has raised issues or objected to the Debtor pursuing a Restructuring in Hong Kong, and none have objected to the Debtor's COMI being in Hong Kong. And, as noted in the *Supplemental Declaration of Richard M. Woodworth as Hong Kong Counsel in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* [Docket No. 13], the overwhelming majority of Scheme Creditors voted in favor of the Scheme at the Scheme Meetings, and it is a condition precedent to the effective date of the Scheme that the Scheme be recognized as a "foreign main proceeding" in the Chapter 15 Case.

### VII.  Foreign Nonmain Proceeding

29. In the alternative, as noted in the Foreign Representative Declaration, I believe that the Debtor has an "establishment" in Hong Kong given that it "carries out a non-transitory economic activity" in that jurisdiction. Such non-transitory economic activity includes: (i) listing and trading its shares publicly on the HKEX, which is located in Hong Kong; (ii) managing its investments in its subsidiaries from Hong Kong; (iii) raising capital in Hong Kong; (iv) conducting and managing the Restructuring primarily from Hong Kong; (v) maintaining bank accounts, intercompany balances, and other assets in Hong Kong; and (vi) maintaining and paying 22 full time employees in Hong Kong who support the Debtor's key corporate functions.

30. As such, to the extent that the Court finds that the Hong Kong Proceeding is not a "foreign main proceeding," I believe the Court should find that the Debtor has an "establishment" in Hong Kong under section 1502(2) of the Bankruptcy Code, and recognize the Hong Kong

16

Proceeding as a "foreign nonmain proceeding" as defined in section 1502(5) of the Bankruptcy Code.

## CONCLUSION

31. For the reasons stated herein, in the Verified Petition, and in the Foreign Representative Declaration, I respectfully request that the Petition for recognition of the Hong Kong Proceeding as a foreign main proceeding, or, in the alternative, as a foreign nonmain proceeding and for related relief be granted in their entirety, together with such other and further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 24, 2025

*/s/ Fong Ching Lam*
Fong Ching Lam
Deputy General Manager of
Country Garden Holdings Company Limited
