**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Country Garden Holdings Company Limited,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-12175 (PB) |

**ORDER GRANTING VERIFIED PETITION UNDER CHAPTER 15 FOR
RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

Upon consideration of the Chapter 15 Petition[2] of Fong Ching Lam, solely in his capacity as the duly authorized foreign representative (the "Foreign Representative") for Country Garden Holdings Company Limited ("Country Garden" or the "Debtor," and together with its directly and indirectly owned subsidiaries, the "Country Garden Group"), which is the subject of a proceeding in Hong Kong entitled *In the Matter of Country Garden Holdings Company Limited* (Case Number HCMP 1366 / 2025) (the "Hong Kong Proceeding") currently pending before the High Court of the Hong Kong Special Administrative Region Court of First Instance (the "Hong Kong Court") concerning a scheme of arrangement (the "Scheme") between Country Garden and those persons defined in the Scheme as "Scheme Creditors" (the "Scheme Creditors") pursuant to sections 670, 673 and 674 of the Hong Kong Companies Ordinance (Cap. 622 of the Laws of Hong Kong) (the "Companies Ordinance"), in each case as more fully set forth in the Chapter 15 Petition, pursuant to sections 105(a), 1504, 1507, 1509, 1515, 1517, 1520, 1521 and 1522 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), requesting entry of an order (this "Order"), among other things: (i) finding that the Debtor is eligible to be a "debtor" under chapter

---

[1]  Country Garden Holdings Company Limited's company registration number is 177345, and the location of its registered office is Conyers Trust Company (Cayman) Limited, Cricket Square, Hutchins Drive, P.O. Box 2681, George Town, Grand Cayman KY1-1111, Cayman Islands.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Chapter 15 Petition.

15 of the Bankruptcy Code; (ii) recognizing and enforcing the Hong Kong Proceeding as a "foreign main proceeding" under section 1517 of the Bankruptcy Code and granting all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code; (iii) recognizing the Foreign Representative as the duly appointed "foreign representative," as defined in section 101(24) of the Bankruptcy Code in respect of the Hong Kong Proceeding; (iv) finding that the Chapter 15 Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code; and (v) granting related relief; and upon this Court's review and consideration of the Chapter 15 Petition and the Supporting Declarations, each filed contemporaneously herewith, all other pleadings filed by or on behalf of the Foreign Representative in support of the Chapter 15 Petition, and the evidence admitted at the hearings on November 17, 2025 and December 2, 2025 (the "Hearings") to consider the Chapter 15 Petition; and due and proper notice of the Chapter 15 Petition having been provided and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearings; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court may enter a final order consistent with Article III of the United States Constitution.

D. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E. The Debtor has intangible property and property rights within this district and, therefore, the Debtor is eligible to be a debtor in a Chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

F. This case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G. The Chapter 15 Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002.

H. The Hong Kong Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

I. The Hong Kong Proceeding is located in Hong Kong, which is the country where the Debtor's center of main interests is located and, as such, the Hong Kong Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

J. The Hong Kong Proceeding is entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code and is entitled to all relief afforded to a foreign main proceeding under section 1520 of the Bankruptcy Code.

K.       The Foreign Representative is a person within the meaning of section 101(41) of the Bankruptcy Code and is a duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

L.       The relief granted hereby is warranted pursuant to sections 105(a), 1509(b)(2)-(3), 1515, 1517, 1520 and 1525(a) of the Bankruptcy Code, is necessary and appropriate to effectuate the purposes of chapter 15, to protect the Debtor and the interests of its creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.  The relief granted hereby will not cause hardship to the creditors of the Debtor or other parties in interest that is not outweighed by the benefits of granting that relief.

M.       Absent the relief granted herein, the Debtor may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative, or regulatory actions or proceedings in connection with the claims against the Debtor or its property that are subject to the Hong Kong Proceeding, thereby interfering with and causing harm to the Debtor, its creditors and other parties in interest in the Hong Kong Proceeding and, as a result, the Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law, a result contrary to the purposes of Chapter 15.

N.       Appropriate notice of the filing of, and the Hearings on, the Chapter 15 Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

O.       All creditors and other parties in interest, including the Debtor, are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Chapter 15 Petition and the relief requested therein are granted.

2. All objections, if any, to the Chapter 15 Petition or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearings, or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Hong Kong Proceeding is granted recognition as a foreign main proceeding as defined in section 101(23) of the Bankruptcy Code and pursuant to section 1517 of the Bankruptcy Code.

4. The Foreign Representative is a duly appointed and authorized representative of the Hong Kong Proceeding within the meaning of section 101(24) of the Bankruptcy Code, is authorized to act on behalf of the Debtor in this chapter 15 case and is established as the exclusive representative of the Debtor in the United States.

5. The Foreign Representative is entrusted with the administration of any and all of the Debtor's assets within the territorial jurisdiction of the United States, including prosecution of any causes of action belonging to the Debtor.

6. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and his authorized representatives and agents, are hereby enjoined from:

    a. execution against any of the Debtor's assets;

    b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtor, which in either case in any way relates to, or would interfere with, the administration of the Debtor's estate in the Hong Kong Proceeding;

5

    c. taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtor or any of its property or proceeds thereof;

    d. transferring, relinquishing or disposing of any property of the Debtor to any entity other than the Foreign Representative and his authorized representatives and agents;

    e. commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations or liabilities to the extent they have not been stayed pursuant to section 1520(a) and 362 of the Bankruptcy Code; and

    f. declaring or considering the filing of the Hong Kong Proceeding, the Scheme or this chapter 15 case a default or event of default under any agreement, contract or arrangement;

*provided* that such injunction applies solely within the territorial jurisdiction of the United States.

7. The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules or orders of this Court.

8. No action taken by the Foreign Representative, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Hong Kong Proceeding, this Order, this chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 306 and 1510 of the Bankruptcy Code.

9. This Order shall be served in accordance with the *Order Scheduling Hearing on Chapter 15 Petition and Related Relief and Specifying Form and Manner of Service of Notice* [Dkt. No. 6] (the "Scheduling Order"), upon: (i) the Notice Parties (as defined in the Scheduling Order); and (ii) any parties requesting notice pursuant to Bankruptcy Rule 2002. Sodali & Co, in its capacity as the Debtor's noticing agent, shall serve this Order in the manner described in the

Scheduling Order. Such service and notice is good and sufficient service and adequate notice for all purposes.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to interpretation or implementation of this Order.

Dated:   December 2, 2025
         New York, New York

/s/ **Philip Bentley**
THE HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE
